Jasbir KAUR, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–5023–ag.

United States Court of Appeals, Second Circuit.

Sept. 20, 2007.

Jasbir Kaur, Carteret, NJ, pro se.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Paul D. Silver, William C. Pericak, Assistant United States Attorneys, Albany, NY, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jasbir Kaur, a citizen of India, seeks review of a September 8, 2004 order of the BIA denying her motion to reopen her removal proceedings. *In re Jasbir Kaur*, No. A74 762 306 (B.I.A. Sept. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, Kaur did not file her motion until more than one year after the BIA's denial of her appeal. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding that Kaur had not established changed country conditions. As an initial matter, to the extent the Government argues that because the evidence submitted by Kaur pre-dated the BIA's first order, it was not previously unavailable, this argument is without merit. This Court has held that the relevant determination is whether the evidence could have been submitted before the IJ. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir.2006). Kaur appeared before the IJ in March 2000 and the oldest evidence she submitted with her motion was dated October 2000; thus, it could not have been submitted before the IJ, and accordingly, was previously unavailable.

The evidence did not, however, establish changed country conditions. It did not demonstrate that India's treatment of

Sikhs had changed in any significant way since her first hearing. The articles submitted by Kaur described several incidents of police brutality against Sikhs. In addition, one described a report by the United States Commission on International Religious Freedom, commenting on increased violence in recent years against all minority religious groups in India, including Sikhs, but focusing on violence against Muslims. Although Kaur's evidence reflected some change, it is not sufficient to render the BIA's decision an abuse of dis-

cretion.* Therefore, the BIA's denial of the motion to reopen was not in error. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the motion for a stay of removal in this petition is DISMISSED as moot.

---

* The 2007 International Religious Freedom Report acknowledges positive developments in India with respect to religious freedom and does not mention any increase in violence against Sikhs. *See* U.S. Commission on International Religious Freedom, Annual Report, May 2007, 241–45, http://www.uscirf.gov/ countries/publications/ currentreport/2007annualRpt.pdf; *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 186 n. 5 (2d Cir.2006) (stating that this Court may take notice of changes in a country's politics).